UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND SANTONIO BLAIR,<br><br>    Petitioner,<br><br>    v.<br><br>JEROME PRICE,<br><br>    Respondent. | No.  2:16-cv-0132 AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and for appointment of counsel.  Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

Petitioner has submitted a declaration that makes the showing required by § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

With respect to petitioner's request for counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

1  In the present case, petitioner has offered no support for his request for counsel (ECF No. 1 at 18;
2  ECF No. 6) and at this early stage, the court does not find that the interests of justice would be
3  served by the appointment of counsel. The request for counsel will therefore be denied.
4      In the petition, petitioner challenges his conviction on five grounds. ECF No. 1 at 6-13.
5  In Ground One he alleges that he was denied the right to confront an adverse witness. Id. at 6.
6  Ground Two alleges that plaintiff received multiple punishments for the same act. Id. at 8.
7  Petitioner alleges in Ground Three that his rights were violated when the trial court abused its
8  discretion by refusing to dismiss a prior strike which led to a disproportionate sentence that was
9  cruel and unusual. Id. at 9. Ground Four alleges ineffective assistance of appellate counsel based
10 on counsel's refusal to brief meritorious claims that plaintiff wanted him to address. Id. at 11.
11 Finally, Ground Five alleges that the magistrate improperly allowed hearsay evidence into the
12 record. Id. at 13. However, petitioner indicates that he has not presented Ground Four to the
13 California Supreme Court, meaning that he has not exhausted his state court remedies for that
14 claim. Id. at 11.
15     The exhaustion of state court remedies is a prerequisite to the granting of a petition for
16 writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived
17 explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may
18 not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the
19 highest state court with a full and fair opportunity to consider all claims before presenting them to
20 the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
21 1083, 1086 (9th Cir. 1985). In light of petitioner's failure to exhaust his state court remedies on
22 Ground Four, his options are to (1) to seek a stay of all claims pending exhaustion of Ground
23 Four; (2) to voluntarily dismiss Ground Four and seek a stay of Grounds One, Two, Three, and
24 Five only pending exhaustion of Ground Four; or (3) to dismiss Ground Four and proceed on
25 Grounds One, Two, Three, and Five without a stay.
26     If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

unexhausted claims pending further exhaustion, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Id., at 277-78.

Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Pursuant to the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under a Kelly stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

In the event petitioner chooses to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

Petitioner must file a notice within twenty-eight days stating how he wishes to proceed. If petitioner wants to stay this case while exhausting Ground Four in state court, he must specify whether he seeks a stay under Rhines or under Kelly. If he wishes to proceed in this court on a

mixed petition, he must file a motion for a stay addressing the Rhines factors, showing good cause for his failure to have first exhausted Ground Four in state court, that each of these claims potentially have merit, and that there is no evidence he has intentionally delayed pursuing the litigation. In the alternative, petitioner may request a Kelly stay. As previously noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to this court.

If petitioner fails to respond to this order, the court will proceed to order service of the petition without a stay. Petitioner is advised that if he proceeds on the petition as is, Ground Four will be subject to dismissal as unexhausted absent the state's express waiver of exhaustion and it is likely that Ground Four will ultimately be dismissed.

Summary

The court can only grant a claim that has been exhausted in state court. Because petitioner has said that Ground Four has not been exhausted, he must decide whether to (1) ask for a stay of all his claims while he goes back to state court to exhaust Ground Four; (2) dismiss Ground Four and ask for a stay of Grounds One, Two, Three, and Five only while he goes back to state court to exhaust Ground Four; or (3) dismiss Ground Four and proceed on Grounds One, Two, Three, and Five without a stay.

If petitioner chooses option one, he will have to explain why he did not exhaust Ground Four in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his claim to state court. If he chooses option two, petitioner will not have to show good cause or possible merit for the stay, but his claim will not be protected from being untimely. If he chooses option three, if he attempts to amend his petition later or bring a separate petition, the claims may be too late, not allowed because they are a second or successive petition, or there may be other difficulties depending on the circumstances. If petitioner does not respond to this order, the court will serve the petition as is. In that case, Ground Four will be subject to dismissal as unexhausted unless the state expressly waives the exhaustion requirement.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's request for counsel (ECF No. 6) is denied without prejudice.

3. Within twenty-eight days of the filing of this order, petitioner shall file a notice addressing how he wishes to proceed as to his unexhausted claim.

4. If petitioner seeks a stay, within twenty-eight days of the filing of this order, he shall file a motion for a stay in accordance with this order.

5. If petitioner does not notify the court of how he would like to proceed, the court will proceed to order service of the petition.

DATED: May 4, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE